COPY

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN (Bar No. 105444)
rberman@jmbm.com
SUSAN ALLISON (Bar No. 133448),
sallison@jmbm.com
JESSICA C. BROMALL (Bar No. 235017),
jbromall@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff
SEVEN WELLS, LLC dba
i.e. DISTRIBUTION

FILED
CLERK, U.S. DISTRICT COURT

MAR 16 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SEVEN WELLS, LLC, a California limited liability company, dba i.e. DISTRIBUTION,<br><br>            Plaintiff,<br><br>      v.<br><br>SYLVIA RUPAR, INC., a Texas corporation, dba SRI APPAREL MARKETING and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO. SACV10-00323-AG (mlgx)<br><br>**COMPLAINT FOR:**<br><br>**1. FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114;**<br><br>**2. FEDERAL FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a);**<br><br>**3. UNFAIR BUSINESS PRACTICES, CAL. BUS. & PROF. CODE § 17200;**<br><br>**4. COMMON LAW TRADEMARK INFRINGEMENT; AND**<br><br>**5. CANCELLATION OF FEDERAL TRADEMARK REGISTRATION, 15 U.S.C. § 1064**<br><br>**DEMAND FOR JURY TRIAL** |

PRINTED ON
RECYCLED PAPER

6756611v1

Plaintiff Seven Wells, LLC, dba i.e. Distribution, Inc., for its Complaint alleges as follows:

### Jurisdiction

1.  This action arises under the Federal Trademark Act (the "Lanham Act"), as amended, 15 U.S.C. §§ 1051 *et seq.*; and related California statutory and common law.  The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121.  The Court has supplemental jurisdiction over the California statutory and common law claims pursuant to 28 U.S.C. § 1367(a).

### The Parties

2.  Plaintiff is Seven Wells, LLC, dba i.e. Distribution ("i.e. Distribution" or "Plaintiff"), a limited liability company organized under the laws of the State of California, with a principal place of business located at 1008 Brioso Drive, Costa Mesa, California 92627.

3.  Plaintiff is informed and believes, and on that basis alleges, that Sylvia Rupar, Inc., dba SRI Apparel Marketing, ("SRI" or "Defendant") is a corporation organized under the laws of the State of Texas, with a principal place of business located at 6 Cypress Court, Rockwall, Texas 75032.  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, SRI was, and is, doing business in this judicial district.

4.  Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1 through 10, inclusive, or any of them, and therefore sues these defendants, and each of them, by such fictitious name.  Plaintiff will seek leave of Court to amend this Complaint when the identities of these defendants are ascertained.  SRI and Does 1 through 10, inclusive, shall be collectively referred to as "Defendants."

5.    Plaintiff is informed and believes, and on that basis alleges, that each defendant conspired and acted in concert with each other to commit the wrongs against Plaintiff alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Plaintiff is further informed and believes, and on that basis alleges, that in doing the things alleged in this Complaint, each defendant was acting within the scope of authority conferred upon that defendant by the consent, approval and/or ratification of the other defendants, whether said authority was actual or apparent.

### Facts Common to All Claims for Relief

6.    Plaintiff is the owner of the World Industries® brand of skateboard products and accessories, one of the oldest and most recognized brands in the action sports market. By assignment, Plaintiff is also the owner of all right, title and interest in the well-known family of FLAMEBOY design trademarks used in connection with the World Industries® product line, including, without limitation, in connection with skateboards, surf and other water-board products, snowboards, board accessories, apparel, shoes and bags.

7.    Plaintiff's family of FLAMEBOY design trademarks include a series of designs based on the original FLAMEBOY® design. The original FLAMEBOY® design is the subject of United States Trademark Registration Nos. 3,245,131 and 3,233,660 (the "FLAMEBOY® Registrations"). True and correct copies of the FLAMEBOY® Registrations, with a color copy of the original FLAMEBOY® design trademark, are attached hereto as Exhibit A. True and correct color copies of several of the other designs included in Plaintiff's family of FLAMEBOY design trademarks are attached hereto as Exhibits B-I. Each such design trademark is a variation on the original FLAMEBOY® design mark. (Collectively, Plaintiff's family of FLAMEBOY design trademarks are referred to herein as the "FLAMEBOY Marks.")

8.    Plaintiff's FLAMEBOY Marks have been used extensively in connection with a wide variety of products since long before Defendant's use of its marks. Over

the years, tens of millions of dollars of products, primarily skateboards and skateboard accessories, have been sold under the FLAMEBOY Marks. Considerable time, effort and financial resources have been expended to popularize the products marketed and sold under the FLAMEBOY Marks. The products marketed and sold under the FLAMEBOY Marks are among the most successful in the board-sport industry, especially in the skateboard and skateboard accessory segments of that industry.

9.    Plaintiff's FLAMEBOY Marks identify and distinguish Plaintiff as the source of goods advertised, marketed, sold or used in connection with the FLAMEBOY Marks. Plaintiff, through its predecessor, has invested considerable amounts of time, money, and effort in developing substantial goodwill in connection with the FLAMEBOY Marks. As a result of these efforts, the FLAMEBOY Marks have become well known to consumers as a distinctive indication of origin of the goods offered under the marks.

10.    Notwithstanding Plaintiff's rights in the FLAMEBOY Marks, Defendant, without Plaintiff's permission or consent, and long after Plaintiff adopted and began using its FLAMEBOY Marks, has adopted and used a design mark in connection with the marketing, advertising and sale of skateboards that is confusingly similar to Plaintiff's FLAMEBOY Marks. Defendant designates this design mark as the SMARTY BOARDS mark. Moreover, just as Plaintiff uses variations of its original FLAMEBOY design, Defendant also uses variations of its SMARTY BOARDS mark. Attached hereto as Exhibits J-M are true and correct color copies of several of Defendant's SMARTY BOARDS marks. (Collectively, Defendant's family of SMARTY BOARDS design trademarks are referred to herein as the "SMARTY BOARDS Marks.")

11.    Defendant's use of the confusingly similar SMARTY BOARDS Marks deprives Plaintiff of the opportunity to exercise its exclusive right to exploit the

substantial goodwill Plaintiff has developed in association with the FLAMEBOY Marks.

12.    Defendant's use of the confusingly similar SMARTY BOARDS Marks has caused, is causing and will continue to cause damage to Plaintiff's reputation and goodwill and to the value of Plaintiff's FLAMEBOY Marks.  Plaintiff has no way to control what goods and/or services are sold or offered, or what goods and/or services Defendant intends to offer, under its use of the SMARTY BOARDS Marks.  Therefore, the reputation, goodwill and standards of excellence Plaintiff has worked to achieve will be in jeopardy.  Any problems that arise in connection with Defendant's use or intended use of the SMARTY BOARDS Marks will negatively and detrimentally impact Plaintiff and the trust Plaintiff has worked to gain among its customers and the consuming public at large.

13.    Plaintiff lacks an adequate remedy at law.

14.    Plaintiff is informed and believes, and on that basis alleges, that, at the time Defendant began using the SMARTY BOARDS Marks, Defendant had actual knowledge of Plaintiff's prior use of and exclusive rights in the FLAMEBOY  Marks; and, thus, Defendant has willfully and deliberately infringed the FLAMEBOY Marks and is intentionally misappropriating Plaintiff's rights with the intent to profit therefrom.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement, 15 U.S.C. § 1114)

15.    Plaintiff realleges and incorporates herein by reference paragraphs 1-14 of this Complaint.

16.    Plaintiff owns federal registrations for the original FLAMEBOY® design mark (the "FLAMEBOY® Registrations"), and the mark is inherently distinctive and/or has acquired secondary meaning designating Plaintiff as the source of all goods advertised, marketed, sold, or used in connection with the mark.

17. Plaintiff has not authorized, licensed or given permission to Defendant to use Plaintiff's mark in any manner whatsoever including, without limitation, on the infringing products being marketed, advertised, sold or distributed by Defendant.

18. Defendant's use of infringing versions of Plaintiff's mark in connection with Defendant's' skateboard products is likely to cause confusion, mistake or to deceive as to source, origin, affiliation, or sponsorship.

19. Plaintiff lacks an adequate remedy at law.

20. Unless an injunction is issued enjoining any continuing or future infringing use of Plaintiff's mark by Defendants, such use is likely to continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, or sponsorship, thereby irreparably damaging Plaintiff.

21. As a direct and proximate cause of Defendant's infringing conduct, Plaintiff has been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to an order enjoining Defendant from using the FLAMEBOY® design mark, or any marks similar thereto including, without limitation, the SMARTY BOARDS Marks, in connection with marketing, advertising, selling or distributing skateboards or skateboard accessories. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order requiring Defendant to account to Plaintiff for any and all profits derived by Defendant from its actions, and to an order awarding all damages sustained by Plaintiff by reason of the infringement caused by Defendant.

22. Plaintiff is informed and believes, and on that basis alleges, that Defendant's conduct alleged herein was intentional and in conscious disregard of Plaintiff's rights. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an award of treble damages and/or enhanced profits against Defendant.

23. Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to an award of attorneys' fees and costs.

PRINTED ON
RECYCLED PAPER

6756611v1

- 6 -

## SECOND CLAIM FOR RELIEF

### (Federal False Designation of Origin, 15 U.S.C. § 1125(a))

24.    Plaintiff realleges and incorporates herein by reference paragraphs 1-23 of this Complaint.

25.    By virtue of the widespread and longstanding distribution of goods under Plaintiff's family of FLAMEBOY Marks, the marks have come to identify the goods of Plaintiff and to distinguish those goods from those of others.  By virtue of the quality of Plaintiff's products, Plaintiff has established a strong reputation as a supplier of high quality goods, including, without limitation, skateboards and skateboard accessories, and has also established enormous goodwill in its marks.

26.    Defendant's promotion, marketing and advertising of skateboards under its SMARTY BOARDS Marks, is a false designation of origin and false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Plaintiff and Defendant, and is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of Defendant's skateboard products by Plaintiff or, conversely, Plaintiff's skateboard products by Defendant.

27.    Plaintiff is informed and believes, and on that basis alleges, that Defendant intended to, and did, confuse and mislead the public, and did represent and create the false impression that Plaintiff authorized, originated, sponsored, approved, licensed or participated in Defendant's use of Plaintiff's marks in connection with Defendant's products.

28.    In fact, there is no connection or association or licensing relationship between Plaintiff, on the one hand, and Defendant, on the other hand.  Plaintiff has not authorized, licensed or given permission to Defendant to use any of Plaintiff's marks in any manner whatsoever, including, without limitation, in connection with Defendant's skateboard products.

PRINTED ON
RECYCLED PAPER

6756611v1

- 7 -

29.    Thus, Defendant has created and will continue to create a false impression concerning an association between Plaintiff and Defendant, a false designation of the origin of Defendant's goods, and confusion as to a connection between the respective parties.

30.    As a direct and proximate result of Defendant's creation of a false impression of association between Plaintiff and Defendant, and Defendant's use of a false designation of origin and false or misleading representation of fact in connection with Defendant's goods and/or services, Plaintiff has been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to an order enjoining Defendant from using the FLAMEBOY Mark, or any marks similar thereto, including, without limitation, the SMARTY BOARDS Marks, in connection with marketing, advertising, selling or distributing skateboards or skateboard accessories. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order requiring Defendant to account to Plaintiff for any and all profits derived by Defendant from its actions, and to an order awarding all damages sustained by Plaintiff and caused by Defendant's conduct.

31.    Plaintiff is informed and believes, and on that basis alleges, that Defendant's conduct alleged herein was intentional and in conscious disregard of Plaintiff's rights. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an award of treble damages and/or enhanced profits against Defendant.

32.    Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to an award of attorneys' fees and costs.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PRINTED ON
RECYCLED PAPER

6756611v1

- 8 -

## THIRD CLAIM FOR RELIEF

### (Unfair Business Practices, Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*)

33. Plaintiff realleges and incorporates herein by reference paragraphs 1-32 of this Complaint.

34. Defendant's acts constitute unlawful, unfair and/or fraudulent business practices and misleading advertising pursuant to California Business and Professions Code § 17200.

35. Plaintiff has been damaged and will continue to be damaged by Defendant's unlawful, unfair and/or fraudulent business practices and misleading advertising as alleged herein.

36. Plaintiff is entitled to an injunction prohibiting Defendant from continuing the practices alleged herein, and Plaintiff is entitled to restitution of all amounts acquired by Defendant by means of such wrongful acts.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

37. Plaintiff realleges and incorporates herein by reference paragraphs 1-36 of this Complaint.

38. Defendant's acts constitute common law trademark infringement under state law.

39. Plaintiff has been damaged and will continue to be damaged by Defendant's infringing activities.

40. Plaintiff is entitled to an injunction prohibiting Defendant from continuing the infringing practices described herein.

41. Plaintiff is also entitled to profits and damages arising from Defendant's wrongful use of Plaintiff's marks.

42. Plaintiff is informed and believes, on that basis alleges, that Defendant's conduct was willful, wanton, malicious and in conscious disregard of Plaintiff's

PRINTED ON
RECYCLED PAPER

6756611v1

rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

## FIFTH CLAIM FOR RELIEF

### (Cancellation of Federal Trademark Registration, 15 U.S.C. § 1064)

43.    Plaintiff realleges and incorporates herein by reference paragraphs 1-42 of this Complaint.

44.    Plaintiffs' use of the FLAMEBOY Marks in connection with surf and other water-board products, snowboards, board accessories, apparel, shoes, bags and, in particular, skateboards and skateboard accessories, long precedes any use by Defendant of the SMARTY BOARDS Marks in connection with the same or similar products.

45.    Defendant owns United States Trademark Registration No. 3,051,357 for the SMARTY BOARDS design and word trademark in connection with a variety of goods, including, without limitation, apparel and shoes.  Defendant's registration of the SMARTY BOARDS mark, and the maintenance of such registration by Defendant, are likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Plaintiff and Defendant, and are likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of Defendant's products by Plaintiff or, conversely, Plaintiff's products by Defendant. Defendant's registration, and maintenance of such registration, are also likely to dilute the distinctive quality of the FLAMEBOY Marks.

46.    Plaintiff is and will continue to be damaged by Defendant's registration, and maintenance of such registration, of the SMARTY BOARDS design and word mark in connection with apparel and shoes.

47.    Pursuant to 15 U.S.C. §§ 1064 and 1119, Plaintiff is entitled to an order that Defendant's U.S. Trademark Registration No. 3,051,357 be cancelled to the extent it covers apparel and shoes.

PRINTED ON
RECYCLED PAPER

675661 1v1

- 10 -

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A.    For a preliminary and permanent injunction enjoining and restraining Defendant, and all its officers, directors, stockholders, owners, agents, representatives, servants and employees, and all those acting in concert or privity therewith, from directly or indirectly:

1.    infringing Plaintiff's trademark rights in any way including, without limitation, Plaintiff's family of FLAMEBOY Marks;

2.    using any false or misleading designation of origin, or false or misleading description or statement, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any product provided by Defendant is in any manner associated or connected with Plaintiff, or is sponsored, approved or authorized by Plaintiff;

3.    engaging in any unfair business practices or acts of unfair competition in any manner with respect to Plaintiff's product lines or Plaintiff's family of FLAMEBOY Marks.

B.    Ordering Defendant to file with the Court and to serve on counsel for Plaintiff, within thirty (30) days from entry of an injunction, a report setting forth the manner and form in which Defendant has complied with the injunction.

C.    For an order that, by the acts complained of herein, Defendant has infringed Plaintiff's trademark rights, in violation of 15 U.S.C. § 1114.

D.    For an order that, by the acts complained of herein, Defendant has engaged in unfair competition against Plaintiff, in violation of 15 U.S.C. § 1125(a).

E.    For an order that, by the acts complained of herein, Defendant has engaged in unfair business practices against Plaintiff, in violation of Cal. Bus. and Prof. Code § 17200.

F.    For an order that, by the acts complained of herein, Defendant has infringed Plaintiff's common law trademark rights.

PRINTED ON
RECYCLED PAPER

6756611v1

- 11 -

G.    For an order canceling U.S. Trademark Registration No. 3,051,357 to the extent it covers apparel and shoes.

H.    For an order awarding Plaintiff general and/or specific damages, in an amount to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendant's profits or gains of any kind from Defendant's acts of trademark infringement, false designation of origin, unfair business practices and unfair competition; and further for an order that such acts were willful and wanton, thereby justifying an award, where appropriate, of treble or enhanced damages.

I.    For an order awarding Plaintiff restitution of all amounts obtained by Defendant by means of its wrongful acts described herein;

J.    For an order awarding Plaintiff its costs and attorneys fees incurred in prosecuting this action.

K.    For an order awarding Plaintiff pre-judgment interest.

L.    For an order awarding such other relief as the Court deems just and proper.

DATED: March 16, 2010

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN

By:_____
            ROD S. BERMAN
Attorneys for Plaintiff SEVEN WELLS, LLC,
dba i.e. DISTRIBUTION

PRINTED ON
RECYCLED PAPER

6756611v1

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury on all issues raised by the Complaint.

DATED: March ___ 2010

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN

By: _____
ROD S. BERMAN
Attorneys for Plaintiff SEVEN WELLS, LLC,
dba i.e. DISTRIBUTION

PRINTED ON
RECYCLED PAPER

6756611v1

EXHIBIT A

Int. Cls.: 18, 25 and 28

Prior U.S. Cls.: 1, 2, 3, 22, 23, 38, 39, 41 and 50

**United States Patent and Trademark Office**

Reg. No. 3,245,131

Registered May 22, 2007

## TRADEMARK
### PRINCIPAL REGISTER



SKATEBOARD WORLD INDUSTRIES INC (CA-LIFORNIA CORPORATION)
225 SOUTH AVIATION BOULEVARD
EL SEGUNDO, CA 90245

FOR: BAGS, NAMELY, ALL PURPOSE ATHLET-IC BAGS, BACKPACKS, BOOK BAGS, DUFFLE BAGS, GYM BAGS, SCHOOL BAGS, TOTE BAGS, HANDBAGS, SHOULDER BAGS, PURSES, TRAVEL BAGS; AND LUGGAGE TRUNKS; PURSES; WAL-LETS; SATCHELS, BRIEFCASES; ATTACHÉ CASES; KEY CASES; AND UMBRELLAS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FOR: CLOTHING, NAMELY, COATS, JACKETS, VESTS, T-SHIRTS, SHIRTS, SWEATSHIRTS, COL-LARED SHIRTS, PULLOVERS; SWEATERS; TANK-TOPS, TROUSERS, JEANS, PANTS, SHORTS, SKIRTS, BELTS; FOOTWEAR; HEADGEAR, NAME-LY, HATS, BEANIES, AND CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FOR: SPORTING GOODS, NAMELY, SKATE-BOARDS; SKATEBOARD WHEELS SOLD BOTH SEPARATELY AND AS A UNIT WITH SKATE-BOARDS AND HARDWARE AND PARTS THERE-

FOR, NAMELY, BALL BEARINGS, MOUNTING HARDWARE, DECKS, GRIP TAPE, AND RISER PADS; SURFBOARD LEASHES; BAGS ESPECIALLY DESIGNED FOR SURFBOARDS; BODY BOARDS; WAKE BOARDS; SNOWBOARDS; PROTECTIVE PADDING FOR PARTS OF SPORTS SUITS FOR SKATEBOARDING, SNOWBOARDING AND SURF-ING, NAMELY, ELBOW GUARDS; KNEE GUARDS; SHIN GUARDS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

PRIORITY DATE OF 6-16-2005 IS CLAIMED.

OWNER OF INTERNATIONAL REGISTRATION 0878908 DATED 9-9-2005, EXPIRES 9-9-2015.

THE STIPPLING IN THE DRAWING IS FOR SHADING PURPOSES ONLY.

SER. NO. 79-021,598, FILED 9-9-2005.

KIMBERLY FRYE, EXAMINING ATTORNEY

EXHIBIT A

- 14 -

Int. Cls.: 18, 25 and 28

Prior U.S. Cls.: 1, 2, 3, 22, 23, 38, 39, 41 and 50

## United States Patent and Trademark Office

**Reg. No. 3,233,660**
Registered Apr. 24, 2007

## TRADEMARK
### PRINCIPAL REGISTER



SKATEBOARD WORLD INDUSTRIES INC (UNITED STATES CORPORATION)
225 SOUTH AVIATION BOULEVARD
EL SEGUNDO, CA 90245
UNITED STATES

FOR: BAGS, NAMELY, ALL PURPOSE ATHLETIC BAGS, BACKPACKS, BOOK BAGS, DUFFLE BAGS, GYM BAGS, SCHOOL BAGS, TOTE BAGS, HANDBAGS, SHOULDER BAGS, PURSES, TRAVEL BAGS; AND LUGGAGE TRUNKS; PURSES; WALLETS; SATCHELS, BRIEFCASES; ATTACHÉ CASES; KEY CASES; AND UMBRELLAS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FOR: CLOTHING, NAMELY, COATS, JACKETS, VESTS, T-SHIRTS, SHIRTS, SWEATSHIRTS, COLLARED SHIRTS, PULLOVERS; SWEATERS; TANKTOPS, TROUSERS, JEANS, PANTS, SHORTS, SKIRTS, BELTS; FOOTWEAR; HEADGEAR, NAMELY, HATS, BEANIES, AND CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FOR: SPORTING GOODS, NAMELY, SKATEBOARDS; SKATEBOARD WHEELS SOLD BOTH SEPARATELY AND AS A UNIT WITH SKATEBOARDS AND HARDWARE AND PARTS THEREFOR, NAMELY, BALL BEARINGS, MOUNTING HARDWARE, DECKS, GRIP TAPE, AND RISER PADS; SURFBOARD LEASHES; BAGS ESPECIALLY DESIGNED FOR SURFBOARDS; BODY BOARDS; WAKE BOARDS; SNOWBOARDS; PROTECTIVE PADDING FOR PARTS OF SPORTS SUITS FOR SKATEBOARDING, SNOWBOARDING AND SURFING, NAMELY, ELBOW GUARDS; KNEE GUARDS; SHIN GUARDS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

PRIORITY DATE OF 6-16-2005 IS CLAIMED.

OWNER OF INTERNATIONAL REGISTRATION 0878909 DATED 9-9-2005, EXPIRES 9-9-2015.

THE STIPPLING IN THE DRAWING IS FOR SHADING PURPOSES ONLY AND IS PROVIDED TO REPRESENT A COLOR CONTRAST BETWEEN THE VARIOUS PARTS OF THE DESIGN. THE MARK IS NOT LIMITED TO PARTICULAR COLORS.

SER. NO. 79-021,599, FILED 9-9-2005.

RAY THOMAS, EXAMINING ATTORNEY

EXHIBIT A



EXHIBIT A

**EXHIBIT B**



EXHIBIT B

EXHIBIT C



EXHIBIT C

EXHIBIT D



EXHIBIT D

EXHIBIT E



EXHIBIT E

**EXHIBIT F**



EXHIBIT F

EXHIBIT  G



EXHIBIT G

**EXHIBIT H**



EXHIBIT H

**EXHIBIT I**



EXHIBIT i

EXHIBIT J



EXHIBIT J

**EXHIBIT K**



EXHIBIT K

**EXHIBIT  L**



EXHIBIT L

EXHIBIT M



EXHIBIT M

EXHIBIT  N



EXHIBIT N

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV10- 323 AG (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROD S. BERMAN (Bar No. 105444), rxb@jmbm.com
SUSAN ALLISON (Bar No. 133448), sja@jmbm.com
JESSICA C.BROMALL (Bar No. 235017), jzb@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Tel: (310) 203-8080; Fax: (310) 203-0567

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVEN WELLS, LLC, a California limited liability company, dba i.e. DISTRIBUTION,<br><br>PLAINTIFF(S)<br><br>V.<br><br>SYLVIA RUPAR, INC., a Texas corporation, dba SRI APPAREL MARKETING and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV10-00323-AG(MLGx)<br><br><br>**SUMMONS** |

TO:DEFENDANT(S): <u>SYLVIA RUPAR, INC.</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Rod S. Berman, Esq.</u>, whose address is <u>Jeffer, Mangels, Butler & Marmaro LLP, 1900 Avenue of the Stars, Seventh Floor, Los Angeles, CA 90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **1 6 MAR 2010**

By: _____
MARILYN DAVIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

American LegalNet, Inc.
www.USCourtForms.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

SEVEN WELLS, LLC, a California limited liability company, dba i.e. DISTRIBUTION

**DEFENDANTS**

SYLVIA RUPAR, INC. , a Texas corporation, dba SRI APPAREL MARKETING and DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Rod S. Berman, Susan Allison, Jessica C. Bromall

Jeffer, Mangels, Butler & Marmaro LLP

1900 Ave. of the Stars, 7th Floors

Los Angeles, California 90067

Tel: (310) 203-8080; Fax: (310) 203-0567

**Attorneys (If Known)**

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** According to proof

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 22 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities – Employment
- ☐ 446 American with Disabilities – Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/ PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R.& Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 61 HIA(1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW 405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

---

**FOR OFFICE USE ONLY:** Case Number: SACV10-00323

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California - Seven Wells, LLC | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas - Sylvia Rupar, Inc. dba SRI Apparel Marketing |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):    Date March 6, 2010

ROD S. BERMAN, ESQ. of Jeffer, Mangels, Butler & Marmaro, LLP

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com