JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444), *rberman@jmbm.com*
SUSAN ALLISON (Bar No. 133448), *sallison@jmbm.com*
JESSICA C. BROMALL (Bar No. 235017), *jbromall@jmbm.com*
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff SEVEN WELLS, LLC dba i.e. DISTRIBUTION

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SEVEN WELLS, LLC, a California limited liability company, dba i.e. DISTRIBUTION,<br><br>Plaintiff,<br><br>v.<br><br>SYLVIA RUPAR, INC., a Texas corporation, dba SRI APPAREL MARKETING; SYLVIA RUPAR, an individual; NASH MANUFACTUR-ING, INC., a Texas corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. SACV10-00323 AG (MLGx)<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS SYLVIA RUPAR AND SYLVIA RUPAR, INC.** |

# ORDER

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. This Court has jurisdiction over the subject matter of this action and the parties thereto.

2. Plaintiff is the owner of valid protectable trademarks rights in and to the FLAMEBOY® design mark (the subject of United States Trademark Registration Nos. 3,245,131 and 3,233,660) and the family of marks comprised of the FLAMEBOY® design mark and variations thereon, in connection with, *inter alia*, skateboards, skateboard accessories, apparel, and footwear (collectively, the "FLAMEBOY Marks").  An image of the FLAMEBOY® mark and representative images of the family of FLAMEBOY Marks is attached hereto as Exhibit A.

3. Defendants have adopted and used what they have designated as the SMARTY BOARDS design mark (the subject of United States Trademark Registration No. 3,051,357, owned by Defendant SRI) and a family of marks comprised of the SMARTY BOARDS design mark and variations thereon, in connection with the marketing, advertising, and sale of skateboards, apparel, and/or footwear (collectively, the "SMARTY BOARDS Marks").  An image of the SMARTY BOARDS design mark and representative images of the family of SMARTY BOARDS Marks is attached hereto as Exhibit B.

4. Defendants use of the SMARTY BOARDS Marks creates a likelihood of confusion as to source, sponsorship, or association, with Plaintiff, Plaintiff's products, and/or Plaintiff's FLAMEBOY Marks.

5. Plaintiff is and will continue to be damaged by the continued maintenance of United States Trademark Registration No. 3,051,357 for the SMARTY BOARDS design mark.  Accordingly, pursuant to 15 U.S.C. §§ 1064 and 1119, United States Trademark Registration No. 3,051,357, owned by Defendant SRI, shall be cancelled in its entirety.

PRINTED ON
RECYCLED PAPER

JMBM Jeffer Mangels Butler & Mitchell LLP

7455831v1

6. Defendants, and each of their respective officers, directors, stockholders, owners, agents, representatives, servants and employees, and all those acting in concert or privity therewith who receive actual notice of this Consent Judgment and Permanent Injunction by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly:

    a. using the SMARTY BOARDS Marks, or any of them, in connection with the marketing, advertising, or sale of skateboards, apparel, and/or footwear;

    b. using any false or misleading designation of origin, or false or misleading description or statement, including using the SMARTY BOARDS Marks, or any of them, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any product provided by either of the Defendants is in any manner associated or connected with Plaintiff, or is sponsored, approved or authorized by Plaintiff;

    c. otherwise infringing Plaintiff's trademark rights in any way including, without limitation, Plaintiff's rights, common law or otherwise, in the FLAMEBOY Marks;

    d. engaging in any unfair business practices or any acts of unfair competition in any manner with respect to Plaintiff's product line or the FLAMEBOY Marks; and

    e. seeking, acquiring, or maintaining any federal or state trademark registration for the any of the SMARTY BOARDS Marks, alone or in combination with any other element.

7. Defendants shall take all reasonable steps to ensure that its agents, servants, officers, directors, employees, successors and attorneys do not violate the terms of this Consent Judgment and Permanent Injunction. Defendants shall not assist any entity, directly or indirectly, in engaged in conduct that violates the terms

7455831v1
- 3 -

PRINTED ON RECYCLED PAPER

of this Consent Judgment and Permanent Injunction or forming any new entities which violate the terms of this Consent Judgment and Permanent Injunction.

8. This Court shall retain jurisdiction over the parties hereto for the purposes of any proceeding to enforce this Consent Judgment and Permanent Injunction. In the event Defendants, or any of their respective agents, servants, officers, directors, employees, successors, or attorneys, and those persons in active concert or participation with them who receive actual notice of this Consent Judgment and Permanent Injunction by personal service or otherwise, violate any of the terms of this Consent Judgment and Permanent Injunction, Plaintiff shall be entitled to immediately seek, with or without notice to any of the Defendants an order to show cause as to why an injunction should not issue to prohibit such violation. In the event the Court finds that any violation by Defendants of the terms of this Consent Judgment and Permanent Injunction have taken place, Plaintiff shall be entitled to its actual attorneys' fees and costs incurred.

9. Notwithstanding any contrary provisions of the Federal Rules of Civil Procedure, and notwithstanding the absence of any findings of fact and/or conclusions of law by this Court, any requirements for which have been expressly waived by Defendants, this Consent Judgment and Permanent Injunction is a final judgment in this action and suitable for entry by the Clerk pursuant to Fed. R. Civ. Proc. 58 and 79(a). All rights to appeal this final judgment, on any basis, have been expressly waived by the Defendants.

10. Each party shall bear its own costs and attorneys' fees, except that Defendants shall pay Plaintiff the amount of $2,500 by January 31, 2011. Any late payment shall accrue the maximum legal interest.

DATED: January 27, 2011   _____
THE HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT COURT JUDGE